IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–02977–KMT

DONNY D. BEYER,

    Plaintiff,

v.

CAROLYN COLVIN, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,

    Defendant.

---

## ORDER

---

This case comes before the court on review of the Commissioner's denial of Plaintiff Donny D. Beyer's application for Disability Insurance Benefits ("DIB") pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401-33 ("the Act"). Jurisdiction is proper under 42 U.S.C. § 405(g).

### PROCEDURAL BACKGROUND

Plaintiff filed an application for DIB under Title II of the Act on November 15, 2010. (Doc. No. 10, Social Security Administrative Record ("AR") at 161.) In his application, Plaintiff alleged disability as of September 25, 2007, secondary to congestive heart failure, morbid obesity, sleep apnea, and asthma. (AR at 161, 198.) On January 20, 2011, Defendant denied the DIB and SSI applications. (AR at 101, 104.) On March 22, 2011, Plaintiff requested an administrative hearing. (AR. at 107.) On April 11, 2012, Plaintiff attended a hearing held before

Administrative Law Judge ("ALJ") James Olsen. (*See* AR at 42, 58.) On April 26, 2012, the ALJ issued a decision denying the DIB and SSI applications. (AR at 42-50.) Plaintiff filed a request for Appeals Council review of the ALJ's decision on June 16, 2012. (AR at 24.) On May 2, 2013, the Appeals Council denied Plaintiff's request for reversal or remand and thereby adopted the ALJ's decision as the final decision of the Commissioner. (AR at 1-4.)

## STATUTORY AND REGULATORY BACKGROUND

### 1.   *Entitlement to Disability Insurance Benefits*

Title II of the Act, 42 U.S.C. §§ 401–403 et seq., provides disability insurance benefits to individuals who are insured for such benefits and meet the definition of disability within the meaning of the Act prior to the date his or her insured status expires.

### 2.   *Eligibility for Supplemental Security Income Payments*

An individual's eligibility for supplemental security income payments for each month shall be determined on the basis of the individual's income, resources, and other relevant characteristics. 42 U.S.C. § 1382(c)(1). In addition to being financially eligible, the individual must file an application for supplemental security income and be under a "disability" as defined in the Act. 42 U.S.C. § 1382. Supplemental security income payments cannot be made for any month prior to the month in which the claimant files his application. See 20 C.F.R. § 416.335.

### 3.   *Definition of Disability within the Meaning of the Act*

The Act states that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §

423(d)(2)(A).  The disabling impairment must last, or be expected to last, for at least 12 consecutive months.  *See Barnhart v. Walton*, 535 U.S. 212, 214-15 (2002).

## STANDARD OF REVIEW

This appeal is based upon the administrative record and briefs submitted by the parties.

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

> 1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.
> 2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.
> 3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.
> 4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.
> 5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy.  This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(a)(4)(i)-(v).  *See also Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four steps of this analysis.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).  The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy.  *Id.*  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis.  *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. *Hamilton v. Sec'y of Health and Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown*, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. *Hedstrom v. Sullivan*, 783 F. Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). However, the court may not reweigh the evidence or substitute its discretion for that of the Commissioner. *Thompson*, 987 F.2d at 1487.

## ANALYSIS

A.   *ALJ's Determination of Plaintiff's Impairments*

At the third step of the sequential evaluation, the ALJ found Plaintiff's impairments did not meet or medically equal the severity of one of the impairments in the Listing of Impairments, 20 C.F.R. Pt. 404, Subpt. P, App. 1. (AR at 45.)

Plaintiff first argues the ALJ did not consider the interaction of Plaintiff's obesity with his pulmonary and renal disorders. (Opening Br. at 19.) Although no longer a separately listed

impairment, obesity still must be considered insofar as it impacts other impairments of the musculoskeletal, respiratory, and cardiovascular systems. *See* SSR 02–1p, 2000 WL 628049, at *1 (Sept. 12, 2002). Ruling 02–1p states that the effects of obesity must be considered throughout the sequential evaluation process. *Id.* In the Listing of Impairments, the Commissioner has provided specific explanations that the effects of obesity may combine with the effects of disorders of the musculoskeletal system, of the respiratory system, and of the cardiovascular system in particular, and requires that in evaluating claims of disability at all steps of the sequential evaluation process, "including when assessing an individual's residual functional capacity, adjudicators must consider any additional and cumulative effects of obesity." 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 1.00Q, 3.00I; *see also* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 4.00I(1) ("We must consider any additional and cumulative effects of obesity when we determine whether you have a severe cardiovascular impairment or a listing-level cardiovascular impairment . . . and when we assess your residual functional capacity."). However, "[o]besity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment." SSR 02-1p, 2000 WL 628049, at *6. Therefore, "[a]ssumptions about the severity or functional effects of obesity combined with other impairments [will not be made]," and "[w]e will evaluate each case based on the information in the case record." *Id.*

The ALJ found Plaintiff's conditions of congestive heart failure, sleep apnea, obesity, hernia, and asthma to be severe impairments. (AR at 44.) The ALJ also noted, citing Listings of Impairments, 4.00(H)(1) and 4.00(I)(1), that "there is no indication of organ damage or additional impairment of the cardiovascular system." (AR at 45, ¶ 4.) The ALJ recited the

correct authorities as to obesity but failed to connect them to the medical record in his findings as to the Plaintiff's RFC. Further, the ALJ failed to discuss Plaintiff's impairments in combination, or to consider whether the medical evidence demonstrated any additional or cumulative effects from his obesity. *See, e.g., Fleetwood v. Barnhart*, 211 F. App'x 736, 741-42 (10th Cir. 2007) (noting that "obesity is [a] medically determinable impairment that [the] ALJ must consider in evaluating disability; that [the] combined effect of obesity with other impairments can be greater than effects of each single impairment considered individually; and that obesity must be considered when assessing RFC."), *citing* SSR 02–01p, 2000 WL 628049, at *1, *5-*6, *7; *Baker v. Barnhart*, 84 F. App'x 10, 14 (10th Cir. 2003) (noting that the agency's ruling in SSR 02–01p on obesity applies at all steps of the evaluation sequence).

Accordingly, the decision of the Commissioner is reversed and the case remanded to the ALJ for further analysis of Plaintiff's obesity in combination with his other impairments. If such analysis results in any changes to the RFC, the ALJ should redetermine what work the claimant can perform, if any, and ultimately whether he is disabled.

*B.     ALJ's Application of Legal Standard as it Applies to Plaintiff's Treating Physician*

Plaintiff also argues that the ALJ discounted Plaintiff's treating physician's opinion that Plaintiff would miss four days of work a month and be off task fifteen percent of the time. (Opening Br. at 22.) Plaintiff argues that the ALJ's failure to apply the correct legal standard affects the RFC and the jobs Plaintiff could perform. (*Id.*)

In his decision the ALJ found the following:

As for the opinion evidence, the claimant's own treating physician opined that he could occasionally lift 20 pounds, and frequently lift and carry less than 10 pounds. He can stand and walk for 2 hours out of an 8-hour workday and sit for 6 hours out of an 8-hour workday. The claimant should avoid twisting, stooping,

6

      crouching and climbing ladders.  He had no manipulative, visual and hearing limitations (Ex. 7F).  Dr. Smith also opined that the claimant's sleep apnea and obesity would not result in daytime sleep attacks.  He indicated that the claimant can walk four blocks at a time, sit for 2 hours at a time and stand for 30 minutes at time (Ex. 8F).  **Even considering the additional limitations that Dr. Smith included such as that the claimant would miss 4 days a month of work and would be off task 15% of the time, limitations which are not supported by the medical evidence of record, this is not wholly inconsistent with a sedentary exertional level residual functional capacity finding.  The undersigned assigns this opinion significant weight as it is well supported by the medical evidence of record as a whole, the testimony of the claimant, and is consistent with the residual functional capacity set forth above.**

(AR at 48) (emphasis added).

      An ALJ is "required to give controlling weight to a treating physician's opinion about the nature and severity of a claimant's impairments, including symptoms, diagnosis and prognosis, and any physical or mental restrictions, if 'it is well supported by clinical and laboratory diagnostic techniques and if it is not inconsistent with other substantial evidence in the record.' " *Bean v. Chater*, 77 F.3d 1210, 1214 (10th Cir. 1995) (quotation omitted).  Here, while the ALJ noted that the limitations imposed by Dr. Smith are not supported by the medical evidence of record, the ALJ also found that, even considering these limitations, "this is not wholly inconsistent with a sedentary exertional level residual functional capacity finding.**"** (AR at 48.)  Moreover, the ALJ specifically states he gave significant weight to Dr. Smith's opinion.  (*Id.*)  Thus, it is clear that the ALJ did not discount Dr. Smith's opinion.

      The court finds no error in the ALJ's evaluation of Dr. Smith's opinion.

      The court need not address the remaining allegations of error, which potentially may be impacted on remand.  *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003); *Gorringe v. Astrue*, 898 F. Supp. 2d 1220, 1225 (D. Colo. 2012).

      Accordingly, it is

**ORDERED** that the Commissioner's decision is **REVERSED** and this case is **REMANDED** to the Commissioner for rehearing in accordance with this Order. It is further

**ORDERED** that Plaintiff is awarded costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated this 24th day of March, 2015.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge